## NATIONAL BOND & SHARE CORPORATION v. HOEY, Collector of Internal Revenue.

District Court, S. D. New York.

April 15, 1936.

McCanliss & Early, of New York City (Ernest R. Early and John Scott Keech, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (David W. Wainhouse, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The motion is for summary judgment under rule 113 of the New York Rules of Civil Practice.

788

The action is one at law to recover stock transfer stamp tax paid under protest. The complaint shows that the plaintiff purchased for investment a large number of shares of stock of various corporations. Guaranty Trust Company acted as custodian of the stocks for the plaintiff. The course of business was for the brokers who acted for the plaintiff in purchasing the stocks to deliver the certificates to the trust company without change of registry. The trust company would then have new certificates issued in the name of a nominee, Schmidt & Co., and would hold them for the plaintiff. This routine is of course a common practice where trust companies hold securities in custody for their customers. The trust company collects the dividends and remits them to the customer. If the customer orders a stock to be sold, the trust company causes its nominee to indorse the certificate and delivers it to the broker for sale. The holding of the certificates in the name of a nominee or dummy instead of in the name of the customer is simply for convenience. The Commissioner of Internal Revenue took the position that although the certificates were transferred directly from the seller to the plaintiff's nominee, the effect was as if the seller had transferred to the plaintiff, and the plaintiff had transferred to its nominee. The plaintiff was thus forced to pay a transfer tax as transferor, amounting to $38,709. Claim for refund was denied.

The defendant made an earlier motion to dismiss the complaint for failure to state a cause of action. The motion was denied by Judge Mack.

The plaintiff, in moving for summary judgment, has submitted affidavits and exhibits that establish in detail the facts pleaded in the complaint. The collector's answer and answering affidavit admit in the main the case pleaded by the plaintiff. Such denials as are made concern only a few unimportant allegations in the complaint, and are merely denials of knowledge or information sufficient to form a belief.

I am of opinion that the motion for summary judgment should be granted.

■ It is urged by the collector that motion for summary judgment should not be entertained in an action to recover tax paid under protest. But such an action is one based on contract implied in law and therefore comes within the classes of actions in which summary judgment is recognized. See Lawyers' Mortgage Co. v. Anderson, 67 F.(2d) 889, and Id., 79 F.(2d) 1001, both decisions by the Circuit Court of Appeals of this Circuit.

■ There is no issue of fact to be tried. The facts are practically undisputed. The only issue is one of law, whether the purchaser of stocks who has the certificates transferred direct from the seller to the purchaser's nominee, a person or partnership without any beneficial interest, has transferred legal title from himself to his nominee and thus become liable for stamp tax under 26 U.S.C.A. § 902. The position taken by the Commissioner in levying the tax was that in such a case there were two transfers, the first from the seller to the purchaser, the second from the purchaser to the purchaser's nominee. The decision of Judge Mack on the defendant's motion to dismiss the complaint is an adjudication that there was no transfer from the purchaser to its nominee, and that decision is the law of the case in the District Court. See, also, Union Trust Co. v. Heiner (D. C.) 26 F.(2d) 391.

The motion will be granted, and judgment entered for the plaintiff for $38,709.